UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL R. JONES,

    Plaintiff,                      Case No. 15-12527
                                      Honorable George Caram Steeh
v.                                      Magistrate Judge Elizabeth A. Stafford

WAYNE COUNTY JAIL, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DISMISS THIS
SUIT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE**

**I.    INTRODUCTION AND BACKGROUND**

On July 15, 2015, Samuel R. Jones filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against Wayne County Jail and several Wayne County Jail and/or Sheriff's Department officials. [R. 1]. On November 6, 2015, the Court dismissed all but the following four defendants from this action: Sergeant Cadella and Deputies K. Moore, R. Thorpe and Koslowski.[1] [R. 6]. Subsequently, the Honorable George Caram Steeh referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [R. 8].

---

[1] In the complaint, Jones refers to these defendants by last name only or by first initial and last name.

On January 6, 2016, Jones filed a motion for summary judgment. [R. 13]. The Court entered an order, dated March 24, 2016, requiring defendants to respond to the motion, and it mailed that order to Jones at the last address provided, Wayne County Jail, 570 Clinton Street, Detroit, Michigan. [R. 20]. However, the mail to Jones was returned as undeliverable. [R. 22]. After waiting several weeks, the Court entered a notice reminding Jones of his responsibility under E.D. Mich. LR 11.2 to notify the Court of any change in address, and that failure to do so may result in dismissal of the case.[2] [R. 23]. The Court mailed the notice to Jones at his last provided address, but it was returned as undeliverable. [R. 24]. To date, Jones has not provided the Court with his current address, in violation of LR 11.2.

## II.   DISCUSSION

Federal Rule of Civil Procedure 41 provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

---

[2] The same notice was given at the outset of this litigation. [*See* R. 2].

2

Fed. R. Civ. P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Indeed, Rule 41(b) authorizes the Court "to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir.2008); *see also Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999) ("[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."). This Court's local rules further provide that when "the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or an application of a party, enter an order dismissing … the case unless good cause is shown." E.D. Mich. LR 41.2.

Here, Jones's failure to notify the Court of his change of address makes it impossible for this case to proceed. Accordingly, dismissal for

3

lack of prosecution is warranted. In light of Jones being an inmate proceeding *pro se*, dismissal *without prejudice* is appropriate.

## III. CONCLUSION

For the above reasons, the Court **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** and that Jones's motion for summary judgment be deemed **MOOT**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 12, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers*

*Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 12, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
