UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL R. JONES,

    Plaintiff,

v.

WAYNE COUNTY JAIL, et al.,

    Defendants.

_____/

Case No. 15-12527
Honorable George Caram Steeh
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [R. 13]**

Plaintiff Samuel R. Jones, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 against Wayne County Jail and several Wayne County Jail and/or Sheriff's Department officials. [R. 1]. After dismissing all but four defendants – Sergeant Bassam Karkaba[1] and Deputies Kevin Moore, Richard Thorpe and Kozlowski – the Honorable George Caram Steeh referred the case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). [R. 6; R. 8]. Before the Court is Jones's "Motion for Summary Judgment by Default under Fed. R. Civ. P. 58" and supplemental brief. [R. 13; R. 30]. This motion lacks merit.

---

[1] Jones misidentified Karkaba as Sergeant Karbara. [R. 7].

In his motion, Jones states that defendants should be put in default for failing to respond to the Court's November 23, 2015 order granting his motion to amend [R. 10] within 14 days.  [R. 13; R. 30].  The language Jones cites is in the "Notice to the Parties Regarding Objections" section of the order, which merely explains that parties have 14 days to object to the order.  [R. 10, PgID 32].  The order did not require defendants to respond.

Moreover, the usual procedural rules for answering complaints do not apply in § 1983 prisoner actions.  *Jones v. Bock*, 549 U.S. 199, 216 (2007).  Pursuant to 42 U.S.C. § 1997e(g)(1), a defendant may waive the right to reply to an action brought by a prisoner under § 1983, and such waiver does not constitute an admission of the allegations in the complaint.  In such cases "[n]o relief shall be granted to the plaintiff unless a reply has been filed" by the defendant.  § 1997e(g)(1).

Because the Court never required defendants to respond to the November 23, 2015 order, and because defendants are not in default, the Court **RECOMMENDS** that Jones's motion for summary judgment [R. 13] be **DENIED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: July 20, 2016

2

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 20, 2016.

                                           s/Marlena Williams
                                           MARLENA WILLIAMS
                                           Case Manager