UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL R. JONES,

    Plaintiff,                      Civil Action No.: 15-12527
                                        Honorable George Caram Steeh
v                                           Magistrate Judge Elizabeth A. Stafford

WAYNE COUNTY JAIL, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT, AND TO DISMISS A CLAIM
<u>*SUA SPONTE*</u> [ECF NO. 46]**

**I.    INTRODUCTION**

Plaintiff Samuel Jones has sued the Wayne County Jail (WCJ), Deputies Moore, Thorpe, Kozlowski, Gawenda, Galloway, Sergeants Cook, and Karbara,[1] and a John Doe defendant alleging unnecessary uses of excessive force and deliberate indifference during a July 3, 2015, altercation in which he claims to have been assaulted by some of the named defendants. [ECF No. 1]. The Honorable George Caram Steeh entered an order *sua sponte* dismissing WCJ, Cook, Gawenda, and

---

[1] Jones listed defendants by only their last names, or in some instances included their first initials.

Galloway before referring the matter to this Court for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). [ECF Nos. 6, 8].

Before the Court is the remaining defendants' motion for summary judgment. [ECF No. 46]. The Court **RECOMMENDS** that defendants' motion be **GRANTED**, and that Jones's claims be **DISMISSED WITHOUT PREJUDICE**. In addition, the Court **RECOMMENDS** that Jones's claim of black mold in the shower be dismissed *sua sponte*.

## II. ANALYSIS

### A.

Defendants title their motion as one for summary judgment, but they rely on Federal Rule of Civil Procedure 12(c), which applies to motions for judgment on the pleadings. And even if they intended to file a motion for judgment on the pleadings, their motion must be treated as one for summary judgment under Federal Rule of Civil Procedure 56 because they rely on matters outside of the pleadings. *See* Fed. R. Civ. P. 12(d).

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and

determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). But "[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009).

When feasible, the Court will decide exhaustion disputes before addressing the merits of the claims. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014). A dismissal for failure to exhaust administrative remedies, even when decided on summary judgment, is without prejudice. *Boyd v. Corr. Corp. of America*, 380 F.3d 989, 994 (6th Cir. 2004).

**B.**

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies prior to filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). Proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, 93 (citation omitted) (emphasis in original). The PLRA does not detail what "proper exhaustion" entails because "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

Jones alleges that, while being moved into a higher security level that required segregation, he was "attacked by several [deputies/sheriffs], kicked while on the ground, stomped and dragged by his wrist several feet," and that defendants placed their knees into his back, cutting off his air supply. [ECF No. 1, PageID 3]. He also claims to have been tasered while lying face down in handcuffs before eventually being transported to a hospital for his injuries. [*Id.*, PageID 3-4].

Though defendants call into doubt some of Jones's allegations, their

sole argument for summary judgment is that Jones failed to exhaust his administrative remedies for defendants' alleged violations before bringing them to court. In support, they refer to four grievances filed by Jones while he was incarcerated at WCJ from May 29, 2015 to March 17, 2016. [ECF No. 46-3]. As they note, Jones did file a grievance on the date of the incident, July 3, 2015, but his complaint dealt only with Moore's placement of Jones into a higher security classification for arguing with another prisoner; there is no mention of the alleged attack from multiple defendants in the grievance. [*Id.*, PageID 212].

In his response, Jones admits that the incident was not grieved. "After the assault on Mr. Jones by Wayne County Jail deputies/sheriffs, if plaintiff would have exhausted his administrative remedies within the grievance procedure afterward, it would not have changed the fact that plaintiff was assaulted." [ECF No. 49, PageID 257]. He argues that defendants had already inflicted harm that offended the constitution, and that there were no administrative remedies for that harm. [*Id.*, PageID 257-59]. This argument may have had merit before the enactment of the PLRA, but it is unavailing now.

Before the enactment of the PLRA, exhaustion was not required "if the prisoner sought only money damages and such relief was not available

5

under the relevant administrative scheme." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *McCarthy v. Madigan,* 503 U.S. 140, 150-151 (1992)). "In holding that exhaustion was not required, we reasoned in part from the language of § 1997e(a) that required an 'effective' administrative remedy as a precondition to exhaustion." *Booth v. Churner*, 532 U.S. 731, 740 (2001). But now, "Congress's imposition of an obviously broader exhaustion requirement [post *McCarthy*] makes it highly implausible that it meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers for relief to money damages not offered through administrative grievance mechanisms." *Id.*, 740-41. So Jones was required to exhaust his administrative remedies before filing his complaint even if those remedies would have been ineffective in redressing the alleged constitutional harms.

## C.

As a prisoner proceeding *in forma pauperis*, Jones is subject to the strictures of the Prison Litigation Reform Act (PLRA). Under the PLRA, the Court is required to dismiss *sua sponte* all or part of a complaint when the claims are without merit, or when the plaintiff seeks monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pleadings filed by *pro se* litigants are entitled to a more

6

liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *Davis v. Prison Health Services*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Jones alleges that he noticed black mold in the shower upon his release from segregation, and claims to have grieved this issue despite the apparent lack of such a grievance in his records. [ECF No. 1, PageID 4; ECF No. 46-3]. While not addressed in defendants' motion, this allegation should be dismissed because it fails to state a plausible claim.

A prisoner's exposure to black mold could be a violation of the Eighth Amendment's right to humane conditions of confinement. *Helling v. McKinney*, 509 U.S. 25 (1993); *McIntyre v. Phillips*, No. CIV.A. 1:07-CV-527, 2007 WL 2986470, at *2 (W.D. Mich. Sept. 10, 2007). To state a claim for violation of the Eighth Amendment arising from conditions of confinement, a prisoner must plead facts showing (1) that "the failure to protect from risk of harm [was] objectively sufficiently serious," and (2) that "the official acted with deliberate indifference to inmate health or safety." *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir.2010) (internal citations and quotation marks omitted). Jones was required to allege the personal

7

involvement of each defendant who he implicates in his black mold claim. *Palmer v. Lane*, 22 F. App'x 532, 533 (6th Cir. 2001). And Jones cannot seek monetary damages from prison officials unless he suffered an actual physical injury. 42 U.S.C. § 1997e(e).

Here, Jones fails to name a single defendant who was allegedly deliberatively indifferent to the presence of black mold, and he does not allege that he suffered an actual physical injury. He has thus failed to state a plausible black mold claim, and it should be dismissed *sua sponte.*

## III.   CONCLUSION

For the foregoing reasons, defendants' motion [ECF No. 46] should be **GRANTED**, and Jones's unexhausted claims should be **DISMISSED WITHOUT PREJUDICE**. In addition, Jones's black mold claim should be **DISMISSED SUA SPONTE**.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: December 18, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

**CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2017.

                                      s/Marlena Williams
                                      MARLENA WILLIAMS
                                      Case Manager